UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES KING | ) | |
| | ) | Case Number |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| INTEGRITY FINANCIAL PARTNERS INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Charles King, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1. Plaintiff, Charles King, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Charles King is an adult natural person residing at 9 Texel Drive, Springfield, MA 01108.

5. Defendant, Integrity Financial Partners, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Massachusetts and Pennsylvania with its principal place of business located at 2704 Commerce Drive, Harrisburg, PA 17110..

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or before September 7, 2009, Plaintiff secured the services of a law firm known as Persels & Associates, LLC to help Plaintiff in negotiating settlement of his outstanding debts.

8. The above mentioned firm sent a Cease & Desist letter to Defendant regarding communication with their client; advising them of Plaintiff's representation and advising them to cease all further direct contact with their client.  See **Exhibit "A"** attached hereto.

9. Defendant has failed and refused to cease contact directly with the Plaintiff.

10.     Plaintiff informed Defendant's agent that he was being represented by an attorney and that Defendant should be calling them in regards to this debt.

11.     Defendant's agent stated that Plaintiff's attorneys were not doing anything for Plaintiff

12.     Defendant's agent also told Plaintiff that Defendant would not deal with third parties; even attorneys.

13.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT 1 – FDCPA

16.     The above paragraphs are hereby incorporated herein by reference.

17.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(2) | | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(2) | | Profane language or abusive language |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.     Such additional and further relief as may be appropriate or that the interests of justice require.

### V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  November 5, 2009**

**BY: */s/ Brent F. Vullings***
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney's for Plaintiff